UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EARL GOODWINE,

                                Plaintiff,

                v.

GOVERNMENT,

                                Defendant.

**MEMORANDUM AND ORDER**

NOT FOR PUBLICATION

21-CV-4238 (LDH) (LB)

LASHANN DEARCY HALL, United States District Judge:

Earl Goodwine ("Plaintiff"), proceeding pro se, brings this action pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff's request to proceed in forma pauperis ("IFP") is granted.

## BACKGROUND[1]

Plaintiff previously brought an action against the National Railroad Passenger Corporation ("Amtrak") and individual defendants alleging that he was falsely arrested in New York's Pennsylvania Station in 2010.  *See Goodwine v. Nat'l R.R. Passenger Corp., et al.*, No. 12-CV-3882 ("*Goodwine I*").  On July 28, 2014, visiting Judge Tucker L. Melancon entered judgment in favor of the individual defendants and dismissed all remaining claims for Plaintiff's failure to prosecute his case at trial.  *See* Judgment, *Goodwine I* (E.D.N.Y. July 28, 2014) (ECF No. 312).  Plaintiff's subsequent appeal was denied by the Second Circuit as lacking "an arguable basis in law or fact."  *Goodwine v. Nat'l R.R. Passenger Corp., et al.*, No. 14-3214 (2d

---

[1] The following facts taken from the complaint and certain federal court orders incorporated therein are assumed to be true for the purposes of this memorandum and order.

Cir. Feb. 11, 2015).  On July 21, 2017, Plaintiff filed "an injunction to compel having social, medical, picture, criminal record sealed & deposition nulled."  *Goodwine I*, ECF No. 325.  Judge Brian M. Cogan denied the injunction, finding that, *inter alia*, Plaintiff did not identify a specific docket entry to be sealed so "there [was] nothing for the Court to seal."  *Id*., ECF No. 326. Plaintiff subsequently moved for reconsideration.  By order dated October 5, 2017, Judge Cogan granted in part Plaintiff's motion for reconsideration and directed the Clerk of Court to seal docket entry 146-20, which contained Plaintiff's personal medical record.  *Id*., ECF No. 328.

On July 21, 2017, Plaintiff filed a second action in this court alleging that defendants Amtrak and New Jersey Transit ("NJT") violated his civil rights when they obtained Plaintiff's medical records in connection with the *Goodwine I* matter.  *See Goodwine v. NJ Transit et al.*, No. 17-CV-4528 ("*Goodwine II*").  Judge Cogan dismissed the action as barred by the doctrine of *res judicata*, finding Plaintiff "effectively recycled his injunction motion" which had previously been decided.  *Id*., ECF No. 8.

In 2019, Plaintiff filed yet another action against Amtrak in the Southern District of New York, alleging that Amtrak failed to redact documents it obtained during the course of *Goodwine I. See Goodwine v. Amtrak*, No. 19-CV-2599, 2019 WL 1595856, at *1 (S.D.N.Y. Apr. 15, 2019) ("*Goodwine III*").  In light of the court's rulings in *Goodwine I* and *Goodwine II*, Judge Colleen McMahon dismissed Plaintiff's claim as barred by the doctrine of *res judicata*.  *Id*. at * 2.

Although Plaintiff's instant complaint is far from clear, he appears to allege that the judges presiding over his prior actions violated his due process rights by denying his requests to seal his medical records and that his social security number should be redacted from the Public Access to Court Electronic Records ("PACER") website.  (Compl. at 1.)  Plaintiff seeks, *inter*

*alia*, monetary damages and a new social security number.  (*Id*. at 6.)  Additionally, Plaintiff moves to seal documents in *Goodwine I* containing his social security number.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an action filed in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**DISCUSSION**

To the extent Plaintiff brings due process claims against Judges Melancon, Cogan, and McMahon in connection with their respective rulings in *Goodwine I*, *Goodwine II*, and *Goodwine III*, those claims are barred by the doctrine of sovereign immunity.  "[T]he United States, as sovereign, is immune from suit save as it consents to be sued."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotation marks omitted); *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010), 605 F.3d 135, 140 (2d Cir. 2010) (citation omitted) ("Absent an unequivocally expressed statutory waiver, the United States, its agencies, and its employees when functioning in their official capacities are immune from suit based on the principle of sovereign immunity.").  "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver."  *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (citations omitted).  Here, Plaintiff has failed to establish any basis for the waiver of sovereign immunity and the Court can think of none.  *See Bank v. Wolfe*, No. 19-CV-441, 2020 WL 4748320, at *4 (E.D.N.Y. Aug. 17, 2020) (noting that although plaintiff cites to 28 U.S.C. § 1331, the federal question statute, this statute does not serve as a waiver of sovereign immunity).

The Court typically grants a pro se plaintiff leave to amend his complaint, even where, as here, the complaint is dismissed for lack of jurisdiction.  Nevertheless, the Court will not entertain amendment.  As a threshold matter, Plaintiff has effectively already had three bites at the apple.  Plaintiff's claims arise from the same set of facts considered in *Goodwine I*, *Goodwine II*, and *Goodwine III*.  And in each case the Court soundly rejected Plaintiff's claims as without merit.  Moreover, any attempt to amend the complaint would be futile.  *See Ashmore v. Prus,* 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief

4

cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu,* 222 F.3d 99,

112 (2d Cir. 2000) (denying leave to amend a pro se complaint where amendment would be

futile).  This is so because Plaintiff is unlikely to ever clear the jurisdictional hurdle of sovereign

immunity, but also because, even under a liberal review of the complaint, Plaintiff fails to allege

anything approaching actionable.  Accordingly, Plaintiff shall not be permitted to file any further

submissions related to *Goodwine I*, *Goodwine II*, *Goodwine III*, or the instant action, other than

notices of appeal or papers relating to an appeal, without permission of the court.

* * * *

To the extent that Plaintiff requests to seal his medical records filed in *Goodwine I*, that

request is denied as moot.  Again, by order dated October 5, 2017, Judge Cogan already directed

the Clerk of Court to seal the docket filing containing Plaintiff's personal medical information.

*See Goodwine I*, No. 12-CV-3882, ECF No. 328.  Plaintiff has not provided any indication that

such order was not followed.  Plaintiff has, however, identified at least one document filed in

*Goodwine I* that contains his social security number and personal address.  Plaintiff's request to

seal that document is improperly brought in this case—Plaintiff is directed to file his motion

before Judge Cogan in *Goodwine I* to the extent he still seeks such relief.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint is DISMISSED as barred by the doctrine of

sovereign immunity.  *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's motion

for leave to file a motion for emergency relief is DENIED as MOOT.  Plaintiff's motion to seal

docket entry [41] in *Goodwine I* is DENIED as improperly filed.  The Court certifies pursuant to

28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  
      February 10, 2022

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge